USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/01/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
    UNITED STATES OF AMERICA        :

                -against-             :      21-CR-603 (VEC)

                                     :      ORDER

    TERRENCE WILLIAMS, et al.,          :

                 Defendants.      :
-------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on October 26, 2021, Defendants Shannon Brown, Alan Anderson, Ronald Glen Davis, Melvin Ely, and Charles Watson appeared for initial status conferences in this case;

       WHEREAS on October 27, 2021, Defendants Christopher Douglas-Roberts, Gregory Smith, Anthony Allen, Desiree Allen, and William Bynum appeared for initial status conferences in this case;

       WHEREAS on October 28, 2021, Defendants Darius Miles, Ruben Patterson, Sebastian Telfair, Terrence Williams, Eddie Robinson, and Anthony Wroten appeared for initial status conferences in this case; and

       WHEREAS on November 1, 2021, Defendants Jamario Moon, Milton Palacio, and Antoine Wright appeared for initial status conference in this case.

       IT IS HEREBY ORDERED that the Court will approve the appointment of a coordinating discovery attorney to assist CJA Defense counsel with discovery in this matter. Antonia Apps, counsel for Mr. Brown, has agreed to coordinate the appointment of the coordinating discovery attorney and to share with retained counsel information about the costs associated with using the discovery coordinating attorney's services. If the coordinating

discovery attorney has not been appointed by **Friday, November 12, 2021**, Ms. Apps must provide a status update to the Court.

IT IS FURTHER ORDERED that the next status conference in this matter will be held on **Monday, May 2, 2022 at 10:00 A.M.**  The Court plans to set a pre-trial motions schedule and a trial schedule at the conference.  The conference will be held in Courtroom 443 of the Thurgood Marshall United States Courthouse, located at 40 Foley Square, New York, New York 10007.  Defendants who live in the New York area must attend the conference in person.  Defendants that live outside the New York area may attend in person or remotely or their attorney may waive their presence entirely.  All counsel must attend the conference in person.

IT IS FURTHER ORDERED that Defendants who have waived their appearance, as well as interested members of the public, may attend the May 2, 2022 conference remotely, by dialing 1-888-363-4749, using the access code 3121171, and the security code 0603.  Recording or rebroadcasting the proceeding is strictly prohibited by law.

IT IS FURTHER ORDERED that the Government must file an update on the discovery in this case every second month, on the first business day of the month.  The first such report is due no later than **Wednesday, December 1, 2021**.  Any Defendant who objects to any part of the report or has other discovery-related issues that should be brought to the attention of the Court must file a letter identifying those objections or issues no later than three business days after the Government's submission of the report.  Any discovery problems should be raised with the Court in a prompt manner, but not before the parties have discussed the issue with each other.

IT IS FURTHER ORDERED that given the complexities associated with the voluminous discovery in this case and the logistical difficulties caused by the COVID-19 pandemic, the Court finds that the ends of justice in accommodating those complexities and difficulties outweigh the Defendants' and the public's interests in a speedy trial, and that exclusion of time between now and May 2, 2022 is warranted pursuant to 18 U.S.C. § 3161(h)(7).

IT IS FURTHER ORDERED that this Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), to confirm the Government's disclosure obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. *Id.* at 87. This obligation applies regardless of whether the defendant requests this information or whether the information would itself constitute admissible evidence. The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.[1]

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future. These obligations also apply to information that is otherwise subject to disclosure regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a

---

[1] This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.

modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

**SO ORDERED.**

Dated: November 1, 2021
      New York, NY

                                               **VALERIE CAPRONI**
                                               **United States District Judge**

---

[2] The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution. *See* 18 U.S.C. app. 3 §§ 1 *et seq.*